NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J. MICHAEL SCHAEFER,<br><br>       Plaintiff - counter-defendant -<br>       Appellant,<br><br>  v.<br><br>ROBBINS & KEEHN, APC,<br><br>       Defendant - counter-claimant -<br>       Appellee,<br><br>  and<br><br>L. SCOTT KEEHN,<br><br>       Defendant - Appellee. | No. 08-56448<br><br>D.C. No. 3:06-cv-00821-JLS-BLM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted October 25, 2011[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:      TROTT, GOULD, and RAWLINSON, Circuit Judges.

In this diversity action, J. Michael Schaefer appeals pro se from the district court's summary judgment for Robbins & Keehn, APC, on his fraud claim, and on Robbins & Keehn's counterclaim for unpaid legal fees. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001), and we affirm.

The district court properly granted summary judgment on Schaefer's fraud claim because Schaefer failed to create a genuine dispute of material fact as to the elements of fraudulent concealment. *See Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1156 n.3 (9th Cir. 2000) (setting forth requirements for fraudulent concealment under California law).

The district court properly granted summary judgment to Robbins & Keehn on its account stated claim because Robbins & Keehn showed that there was no genuine dispute of material fact as to any element of this claim, and Schaefer failed to create a triable dispute as to any defense to the claim. *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1542-43 (9th Cir. 1988) (per curiam) (discussing account stated claim under California law; *Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 689 (Cal. 2000) (addressing principles of unconscionability).

The district court did not abuse its discretion by denying Schaefer's ex parte application to continue the discovery deadline. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (setting forth standard of review and good cause requirement).

Schaefer's remaining contentions are unpersuasive.

Schaefer's "Request for Clarification," entered on October 17, 2011, is denied as moot.

**AFFIRMED.**

08-56448